# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Martinsburg IRS OC, LLC,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0193** (Berkeley County CC-02-2018-P-452)

**Berkeley County Board of Assessment Appeals,**
**Plaintiff Below, Respondent**

**FILED**

**March 20, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Martinsburg IRS OC, LLC ("the company"), by counsel William P. Bresnahan, appeals the order of the Circuit Court of Berkeley County, entered on January 31, 2019, granting Respondent Berkeley County Board of Assessment Appeals' ("the board's") motion to dismiss for lack of subject matter jurisdiction. The board appears by counsel Norwood Bentley III.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The company, a commercial real estate business, filed in the Circuit Court of Berkeley County on November 21, 2018, an appeal of the board's decision affirming the 2018 assessment of the company's property. The board filed a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of Civil Procedure on January 14, 2019, on the ground that the circuit court lacked jurisdiction to hear the appeal because the company had not certified and transmitted the administrative record to the circuit court within thirty days of the filing of the petition for appeal as required by West Virginia Code § 11-3-25(b). The company opposed the motion and transmitted the documents to the circuit court on January 28, 2019. The circuit court agreed that the transmittal requirement is jurisdictional and that the company's failure to meet the requirement deprived the court of subject matter jurisdiction, and it dismissed the company's appeal by order entered on January 31, 2019.

On appeal, the company asserts a single assignment of error: that the circuit court erred in dismissing the appeal from its docket for failure to file the certified board record. The facts are undisputed, and the question before us is one of pure law. We, thus, apply a de novo standard of review. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

An appeal from an assessment by a county's board of equalization and review is governed

1

by West Virginia Code § 11-3-25(b), which provides:

> The right of appeal from any assessment by the Board of Equalization and Review or order of the Board of Assessment Appeals as provided in this section may be taken either by the applicant or by the state, and in the case of the applicant, by his or her attorney, or in the case of the state, by its prosecuting attorney or other attorney representing the Tax Commissioner. The party desiring to take an appeal from the decision of either board shall have the evidence taken at the hearing of the application before either board, including a transcript of all testimony and all papers, motions, documents, evidence and records as were before the board, certified by the county clerk and transmitted to the circuit court as provided in section four, article three, chapter fifty-eight of this code, except that, any other provision of this code notwithstanding, <u>the evidence shall be certified and transmitted within thirty days after the petition for appeal is filed with the court or judge</u>, in vacation.

(Emphasis supplied.) We agree that the requirement for the timely transmission of the certified record described in this section is mandatory and jurisdictional, as we explained in syllabus point 4 of *Tax Assessment Against Purple Turtle, LLC v. Gooden*, 223 W. Va. 755, 679 S.E.2d 587 (2009):

> The provisions of Section 25, Article 3, Chapter 11, Code, 1931, as amended, governing appeals from the county court to the circuit court of the county from an assessment made by the county court, in which there was a hearing and an appearance by the property owner, and requiring that the application for an appeal be presented in the circuit court within thirty days from the adjournment of the county court by which the order complained of was rendered, and the provisions of Section 4, Article 3, Chapter 58, Code, 1931, requiring that the petition be accompanied by the original record of the proceeding in the county court in lieu of a transcript of such proceeding, are mandatory and will be read and considered together; and when it appears upon review in this Court that the petition, though presented within the thirty day period, was not accompanied by the original record of the proceeding in the county court and that no record of such proceeding was filed in the circuit court within the limitation of thirty days prescribed by Section 25 of the statute, the appeal applied for <u>must</u> be refused by the circuit court and the writ of error awarded by this Court to the judgment of the circuit court refusing such appeal will be dismissed.

(Citations omitted)(Emphasis supplied.) Our holding in *Purple Turtle* clarifies that the circuit court is without discretion on this matter, and petitioner has not persuaded us that our analysis need be revisited.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison